Gilmore, J.
The proceedings in the court of common pleas were had under the act of April 3, 1873, (70 Ohio Laws, 111). They were purely statutory, and hence the court of common pleas could obtain jurisdiction of the cause and of the person of the defendant only in pursuance of the mode directed by the statute; and when jurisdiction had thus been obtained, it could be effectually exercised only in the manner contemplated by the statute, and it might, therefore, be lost as to the person or the cause itself, or both., by a failure to comply with the requirements of the statute.
The principal question .in the case is, whether the court of common pleas had lost the power or jurisdiction to try the cause in the absence of the defendant at its January term, 1877?
On the 20th of March, 1876,¡¡the defendant was, recognized, as réquired by the 4th section of the act, to appear at the next term of thé court to answer the charge.
Under the 6th section of the act, it was the duty of the justice, before whom the recognizance was taken, within thirty days thereafter to file with the clerk of the court of common pleas a certified transcript of the proceedings, together with the recognizance and papers in the cause. This duty, though not promptly, was performed by the justice, and the transcript and papers were filed during the next term. The court having thus obtained jurisdiction of the cause, sections 7, 8, and 9 of the act direct the mode of proceeding therein.
By a compliance with the requirements of these sections, in the exercise of its powers, the jurisdiction of the court over the person of the defendant for the purposes of trial and judgment, even in his absence, will be retained; but if their provisions are entirely disregarded, the power to try the defendant in his absence may be lost.
By the 7th section, if the complainant had not been de *150 livered, or if she had been delivered and was unable to attend, or other good cause of continuance existed, the court, at the term to which the defendant was recognized, had power to “ order a continuance of the cause,” and such continuance would operate a renewal of the recognizance. But without such affirmative action or order of the court, the recognizance would be no longer obligatory. Gebhart v. Drake, 24 Ohio St. 177.
If the cause had been continued by order of the court, at the term to which the defendant was recognized, it would, in legal effect, have been recognizing the defendant to appear at the next succeeding term ; and by a like order of continuance at any term to which the defendant was so recognized to appear, the cause and recognizance would be continued to the term next after that at which such order of continuance was made; and if the defendant failed to appear at any term to which he was so recognized, section 8 provides for the forfeiture of his recognizance at such term; and when such forfeiture is declared, section 9 provides that the issue may be tried by a jury in the absence of the defendant.
In this ease the provisions of section 7 were not complied with. There was no continuance of the cause by order of the court at the term thereof to which the defendant was recognized, and another term was permitted to intervene between that and the term at which the judgment was rendered, at which no order whatever was made in the case; whereby the power to try the defendant in his absence was lost.
The defendant not having been recognized to appear at the term at which the recognizance' was forfeited and judgment rendered against him in his absence, the forfeiture trial and judgment were unauthorized and void.
Motion granted. The judgments of the courts below reversed, and the cause remanded to the court of common pleas for such further proceedings as may be authorized by law.

Judgment accordingly.